IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SEBASTIAN T. CARTER,<br>Plaintiff,<br><br>v.<br><br>P.A. NOWISKI et al.,<br>Defendants. | **MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 2:25-cv-231-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff Sebastian T. Carter, acting *pro se* as a Utah state inmate, brought this civil-rights action under 42 U.S.C. § 1983, proceeding *in forma pauperis* under 28 U.S.C. § 1915. *See* Dkt. Nos. 1, 2, 4. Having now screened the Complaint, under its statutory review function, *see* 28 U.S.C. § 1915A,[1] the court orders the Plaintiff to file an amended complaint curing deficiencies if he wishes to continue to pursue his claims.

---

[1] The screening statute reads:

> (a) Screening.--The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

## A. COMPLAINT'S DEFICIENCIES

The Complaint has multiple deficiencies:

**1.** does not properly affirmatively link each individually named defendant to alleged civil-rights violation(s). (See below.)

**2.** perhaps attempts to bring an equal-protection claim but does not adequately link *each element* of an equal-protection claim to specific named defendant(s). *See Hale v. Fed. Bureau of Prisons*, 759 F. App'x 741, 752 (10th Cir. 2019) (explaining that, to state an equal-protection claim, a plaintiff must allege facts showing that (a) prison officials treated him differently from similarly situated inmates and (b) the disparate treatment was not reasonably related to penological interests).

**3.** does not concisely link *each element* of the claim of improper medical treatment to individually named defendant(s). (See below.)

**4.** has claims apparently based on current confinement; however, the complaint appears to have not been submitted using legal help Plaintiff is constitutionally entitled to by his institution (i.e., the contract attorneys). *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## B. GUIDANCE FOR THE PLAINTIFF

Federal Rule of Civil Procedure 8 requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

The Plaintiff should consider these points before filing an amended complaint:

**1.** The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating that an amended complaint supersedes the original). Also, an amended complaint may not be changed or supplemented after filing without filing a motion with the court seeking permission to amend the complaint. *See* Fed. R. Civ. P. 15.

**2.** Each defendant must be named in the complaint's caption, included in the section of the complaint listing the names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

**3.** The complaint must clearly state what each individual defendant—typically a named government employee—did to violate the Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976) (stating that the personal participation of each named defendant is an essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). The Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

**4.** Each cause of action, together with the facts and citations that directly support it, should be stated separately. The Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id.*").

**5.** The Plaintiff may not name an individual as a § 1983 defendant based solely on that defendant's holding a supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996).

**6.** Denial of a grievance alone, when the denial is unconnected to a "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

**7.** "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

8. Affirmative Link.

> [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants—"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"—and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the

personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id.*

**9. Inadequate medical treatment**. The Eighth Amendment's ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate . . . medical care." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)). To state a cognizable claim under the Eighth Amendment for failure to provide proper medical care, "a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Any Eighth Amendment claim must be evaluated under objective and subjective prongs: **a.** "Was the deprivation sufficiently serious?" And, if so, **b.** "Did the officials act with a sufficiently culpable state of mind?" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical need is "sufficiently serious . . . if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (citations & quotation marks omitted).

The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." *Sparks v. Singh*, 690 F. App'x 598, 604

(10th Cir. 2017) (unpublished) (quoting *Estelle*, 429 U.S. at 105–06). Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kansas Dep't of Corrs.*, 165 F.3d 803, 811 (10th Cir. 1999); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

### C. MOTION FOR APPOINTED COUNSEL

The Plaintiff also moves for "appointment of counsel." Dkt. No. 3. "As a civil litigant, [the] [P]laintiff has no Sixth Amendment right to counsel." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). And the court lacks authority to appoint counsel; federal law authorizes the court only to ask counsel to agree to represent an indigent plaintiff free of charge.[2] *See* 28

---

[2] The Tenth Circuit has noted:

> Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests. Accordingly, the district court must use discretion in deciding which cases warrant a request for counsel. To do otherwise would deprive clearly deserving litigants of an opportunity to obtain legal representation. The dilemma is unfortunate for litigants [denied counsel]. But the dilemma [i]s not the district court's fault; that dilemma [i]s the product of the court's lack of authority to compel legal representation or to reimburse attorneys for their time.

*Rachel v. Troutt*, 820 F.3d 390, 397 n.7 (10th Cir. 2016); *see also Mallard v. United States Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (stating that courts may not "require an unwilling attorney to represent an indigent litigant in a civil case"); *Greene v. United States Postal Serv.*, 795 F. App'x 581, 583 (10th Cir. 2019) (unpublished) ("In most legal communities, only a limited number of attorneys are willing to take these cases. Thus, the district court [must] decide how to maximize the benefit from these local resources."); *Gross v. GM LLC*, 441 F. App'x 562, 567 (10th Cir. 2011) (unpublished) (observing that courts rarely request counsel to represent parties in civil actions); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (cautioning courts that indiscriminately appointing "volunteer counsel to

U.S.C. § 1915(e)(1) ("The Court may request an attorney to represent any person unable to afford counsel."); *McCleland v. Raemisch*, No. 20-1390, 2021 U.S. App. LEXIS 29490, at *15 n.3 (10th Cir. Sept. 30, 2021) (unpublished) (explaining that when prisoner-plaintiffs "refer to appointing counsel," they "really refer to a request that an attorney take the case *pro bono*"). The Plaintiff has the burden of convincing the court that at least one of his claims has enough merit to warrant such a request of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). "It is not enough," by contrast, for the Plaintiff to argue that he needs help "in presenting his strongest possible case, as the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (cleaned up).

Instead, in deciding whether to ask volunteer counsel to represent Plaintiff at no cost, this court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (cleaned up); *accord McCarthy*, 753 F.2d at 838–39. Considering the above factors, the court concludes that, at this time, the Plaintiff's claims may not be colorable, the issues in this case are not complex, and the Plaintiff does not appear to be too incapacitated or unable to adequately function in pursuing this matter. Thus, the court denies for now Docket Number 3, the Plaintiff's motion for "appointed" counsel.

---

undeserving claims will waste a precious resource and may discourage attorneys from donating their time").

## D. ORDER

**IT IS HEREBY ORDERED as follows:**

**1.** Within 90 days, the Plaintiff shall cure the Complaint's deficiencies noted above by filing a document entitled, "Amended Complaint," that does not refer to or include any other document.

**2.** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint, which the Plaintiff must use to pursue an amended complaint.

**3.** If the Plaintiff fails timely to cure the above deficiencies according to this Order's instructions, the action may be dismissed without further notice.

**4.** The amended complaint shall not include any claims outside the dates and allegations of transactions and events contained in the Complaint. The court will not address any such new claims or outside allegations, which will be dismissed. If the Plaintiff wishes to raise other claims and allegations, the Plaintiff may do so only in a new complaint in a new case. If an amended complaint is filed, the court will screen each claim and defendant for dismissal or issue an order effecting service upon valid defendants who are affirmatively linked to valid claims.

**5.** The Plaintiff shall inform the court of any address change and timely comply with court orders. *See* D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of

jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.”).

**6.** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

**7.** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the court clerk.

**8.** The Plaintiff must observe this District of Utah local rule: “A party proceeding without an attorney (unrepresented party or *pro se* party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action.” DUCivR 83-1.6(a).

**9.** Docket Number 3, the Plaintiff’s motion for “appointed” counsel, is **DENIED**. However, if—after the case develops further—it appears that counsel may be needed or of specific help, the court may ask an attorney to appear *pro bono* on the Plaintiff’s behalf. The Court will continually reevaluate the need for counsel without prompting—no further motions for appointed counsel are needed.

**IT IS SO ORDERED.**

Dated this 30th day of September, 2026.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge